# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN ACTION NETWORK,<br><br>Defendant. | Case No. 18-cv-945 (CRC) |

## OPINION AND ORDER

The Court has recounted the long procedural history of this case elsewhere. See CREW v. AAN, No. 18-cv-945, 2019 WL 4750248, at *3–5 (Sept. 30, 2019) ("CREW III"). To recap briefly: In 2012, Citizens for Responsibility in Washington ("CREW") filed a complaint with the Federal Election Commission alleging that defendant American Action Network ("AAN") had been operating as an unregistered political committee in violation of the Federal Election Campaign Act ("FECA"). The FEC twice dismissed the complaint and, in actions brought by CREW against the FEC, this Court found both dismissals to be contrary to law and remanded the case to the agency for further action. See CREW v. FEC ("CREW I"), 209 F. Supp. 3d 77 (D.D.C. 2016); CREW v. FEC ("CREW II"), 299 F. Supp. 3d 83 (D.D.C. 2018). After the FEC failed to act on the second remand, CREW invoked FECA's citizen-suit provision to sue AAN directly. See 52 U.S.C. § 30109(a)(8)(C). AAN then moved to dismiss CREW's citizen suit on a variety of grounds, which the Court largely rejected. CREW III, 2019 WL 4750248, at *20.

AAN now seeks a certification for interlocutory appeal of four distinct issues: (1) whether CREW has standing to pursue this action; (2) whether the FEC's decisions to dismiss CREW's complaint were reviewable by this Court; (3) whether the FEC's dismissals were

contrary to law, as the Court found in two prior cases; and (4) whether the Court has authority to craft remedies implicating AAN's conduct beyond the period covered by CREW's original administrative complaint. In the event the Court certifies any issue for appeal, AAN also seeks a stay of the district court proceedings pending the appeal. The Court will deny the motion for certification in its entirety, which moots the motion for a stay.

I.  **Legal Standards**

"Although courts have discretion to certify an issue for interlocutory appeal, interlocutory appeals are rarely allowed." Nat'l Cmty. Reinvestment Coal. v. Accredited Home Lenders Holding Co., 597 F. Supp. 2d 120 (D.D.C. 2009) (internal quotations omitted). The Court may certify an order for interlocutory appeal only if it first determines that the moving party has met its burden to show that a nonfinal order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This is a demanding standard. See Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp., 233 F. Supp. 2d 16, 19–20 (D.D.C. 2002).

In addition, because of the "strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals," id. at 20, the party seeking an interlocutory appeal also bears a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); see also APCC Servs., Inc. v. AT&T Corp., 297 F. Supp. 2d 101, 104 (D.D.C. 2003) (same).[1]

---

[1] AAN contends that this standard is "outdated" in light of the Supreme Court's decision in Microsoft Corp. v. Baker, 137 S. Ct. 1702, 1708 (2017). Reply at 2 n.1. But the Supreme

2

II. Analysis

A. Standing

First, AAN seeks an interlocutory appeal of the Court's standing decision. Determining that a plaintiff has standing necessarily "involves a controlling question of law" and reversal on appeal would "materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b). But that is not enough. Contrary to AAN's assertions that the Court "relied . . . on a non-binding decision" instead of the "D.C. Circuit[] and the majority of courts in this District," Mot. at 11–13, the Court's standing analysis is a straight-forward application of the Supreme Court's "helpfulness" test for informational standing. See FEC v. Akins, 524 U.S. 11, 21 (1994) (holding that plaintiffs are injured where the information they sought "would help them (*and others to whom they would communicate it*) to evaluate candidates for public office") (emphasis added); see also Friends of Animals v. Jewell, 828 F.3d 989, 1040–41 (D.C. Cir. 2016) (holding that a plaintiff suffers injury in fact "where a statute (on the claimants' reading) requires that the information be publicly disclosed and there is no reason to doubt their claim that the information would help them").

Despite these straightforward holdings, AAN continues to misconstrue CREW's injury as derivative. See Reply at 5. AAN also points to cases where CREW happened to lack informational standing, as if to argue that if CREW didn't have standing once, it can never has standing. See Mot. at 11–12 (citing cases holding "that CREW lacks standing to assert informational injury premised on a supported failure to make disclosures required by FECA.").

---

Court said nothing in Baker to abrogate Coopers & Lybrand's "exceptional circumstances" burden. It merely explained that *for class certifications*, a later rule provided different interlocutory standards. Id. at 1709. Nor do the other cases cited by AAN cast doubt on the exacting standard set forth in Coopers & Lybrand.

3

But, as the Court explained in detail, those cases are readily distinguishable based on the information CREW sought. CREW III, 2019 WL 4750248, at *7 ("[T]he nature of the information allegedly withheld is critical to the standing analysis"). For example, AAN continues to quote from the first half of the Circuit's injury-in-fact discussion in CREW v. FEC ("Americans for Tax Reform"), 475 F.3d 337, 339 (D.C. Cir. 2007), to argue that CREW must be a voter or have members who vote to be injured by a lack of information. Reply at 5. But it omits the second part of the discussion about the injury to CREW's ability to inform others. There the Circuit held that CREW did not suffer an injury because the particular information sought "would add only a trifle to the store of information about the transaction already publicly available." Americans for Tax Reform, 475 F.3d at 340. That is not the case here. A "different outcome based on different facts" simply does not establish "a substantial ground for difference of opinion" that CREW has standing in this case. See Selden v. Airbnb, Inc., No. 16-cv-933, 2016 WL 7373776, at *1 (Dec. 19, 2016).

B. Reviewability

Like standing, the Court's finding on reviewability "involves a controlling question of law" and reversal on appeal would "materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b). Indeed, it would end the case. And the Court acknowledges that it has suggested that this issue may be appropriate for interlocutory appeal given the split in the panel in CREW v. FEC ("CHGO"), 892 F.3d 434 (D.C. Cir. 2018), and Judge Griffith's concurrence to the denial of rehearing en banc. Tr. Hr'g at 34–35, 50–51. Those opinions suggested to the Court that the Circuit might be inclined to revisit the extent to which exercises of prosecutorial discretion foreclose judicial review of the FEC's dismissal of a complaint.

Upon further reflection, however, the Court concludes that this is not a case that raises a "substantial difference of opinion." See 28 U.S.C. § 1292(b). While it may still be true that the Circuit will wish to reconsider the reviewability of FEC dismissals in general, this case is not the appropriate vehicle because, in the Court's view, the issue here is not a particularly close call. In reaching its reviewability ruling, the Court faithfully applied CHGO, as well as prior Supreme Court and Circuit precedent, to hold that FEC dismissals based on discretion rooted entirely in legal conclusions are reviewable. See CREW III, 2019 WL 4750248 at *12; see also CHGO, 892 F.3d at 441 & n.11. AAN has not offered any case that conflicts with this holding. It merely disagrees with it, which is not enough to establish a substantial ground for difference of opinion. See Singh v. George Wash. Univ., 383 F. Supp. 2d 99, 104 (D.D.C. 2005) (noting that a "mere claim that the district court's ruling was incorrect" is not enough to establish "a substantial ground for difference of opinion"). The only case AAN cites for the contrary proposition actually supports this Court's holding. Judge Contreras, facing a similar case with different facts post-CHGO, reached the same conclusion: When the FEC's invocation of prosecutorial discretion is based on legal analysis, it does not preclude judicial review under CHGO. See CREW v. FEC ("New Models"), 380 F. Supp. 3d 30, 42 n.12 (D.D.C. 2019). He found that, unlike here, the controlling Commissioners had grounded their dismissal in part on prudential factors, which precluded review. Id. at 37–38 (describing the prudential factors the controlling Commissioners listed).

AAN also emphasizes that, as the first citizen suit brought under FECA, this case raises an issue of first impression. While that may weigh in favor of certifying an interlocutory appeal, it alone is not enough. See Washington Tennis & Educ. Found., Inv. v. Clark Nexen, Inc., 324 F. Supp. 3d 128, 145 (D.D.C. 2018) (explaining that an issue of "first impression in this Circuit . . .

does not require, or [on its own] justify, certification of an interlocutory appeal"). There must be something more to suggest that there is the possibility for "substantial difference of opinion." See, e.g., Government of Guam v. United States, No. 17-cv-2487, 2019 WL 1003606 (D.D.C. Feb. 28, 2019) (finding a substantial ground for difference of opinion when the issue was one of first impression in this Circuit *and* there was a deep circuit split); Kennedy v. District of Columbia, 145 F. Supp. 3d 46 (D.D.C. 2015) (finding a substantial ground for difference of opinion when the issue was one of first impression *and* there was a contradictory holding in the District of Connecticut as well as an EEOC guidance document that disagreed). AAN has not provided anything else.

What's more, "a court faced with a motion for certification must analyze the strength of the arguments in opposition to the challenged ruling to decide whether the issue is truly one on which there is a substantial ground for dispute." APCC Srvs., 297 F. Supp. 2d at 107. AAN's disagreement with the Court's opinion is largely factual and is not enough to meet the high bar for interlocutory appeal. The concurring Commissioners mentioned prosecutorial discretion only twice in their first Statement of Reasons, and each time it was tied to legal analysis. And importantly, those passing references to prosecutorial discretion were made only in the first Statement of Reasons, which was superseded by the second Statement of Reasons. In the operative statement, the controlling Commissioners never mentioned discretion, relying exclusively on legal conclusions to dismiss CREW's complaint. There are a host of D.C. Circuit and Supreme Court opinions acknowledging that FEC dismissals are reviewable when they are based entirely on legal conclusions.

Lest there be any doubt, the Circuit has already decided that this question does not warrant a premature appeal in this case. As AAN acknowledges in its Motion, the Circuit had

6

recently handed down CHGO the last time it sought an appeal of one of this Court's non-final orders. AAN expressly raised the reviewability issue with the motions panel, see AAN's Mot. for Summ. Reversal and Vacatur, CREW v. FEC, No. 18-5136 (D.C. Cir. June 25, 2018), and the Circuit decided that AAN would have to wait for a final order, see Order, CREW v. FEC, No. 18-5136 (D.C. Cir. Sept. 19, 2018) (per curiam). This Court sees no reason to depart from that result now.

C. Merits of the Court's "Contrary to Law" Findings in *CREW I & CREW II*

AAN seeks, for the third time, to obtain review of this Court's decisions in CREW I and CREW II prior to a final order. As an intervenor, AAN sought review from the Circuit after each of those decisions and was rebuffed each time. See CREW v. FEC, No.16-5300 (D.C. Cir. *appeal docketed* Oct. 24, 2016); CREW v. FEC, No. 18-5136 (D.C. Cir. *appeal docketed* May 9, 2018). The Circuit twice explained that AAN must await a final decision on the merits, see Order, CREW v. FEC, No. 16-5300 (D.C. Cir. Apr. 4, 2017) (per curiam); Order, CREW v. FEC, No. 18-5136 (D.C. Cir. Sept. 19, 2018) (per curiam), which still is yet to come. AAN has provided the Court no reason to disagree with the Circuit. Either party may appeal the merits of this case once the Court issues a final, appealable order.

D. Remedies

Finally, AAN seeks an interlocutory review of the Court's observations about potential remedies in this case. But, as CREW points out and AAN concedes, the Court expressly has not decided the scope of its remedial powers. See CREW III, 2019 WL 4750248, at *14 ("The Court . . . reserves the flexibility to consider whether, if a registration violation is found, the proper remedy would be to require AAN to disclose reporting information from post-June 2011."). Thus, there is nothing for the Circuit to review even if the Court certified the question for appeal.

7

See Ray v. Am. Nat'l Red Cross, 921 F.2d 324, 325 (D.C. Cir. 1990) ("The basic requirement of an interlocutory appeal under section 1292(b) is that the district court have made an order. The statute does not contemplate that a district judge may simply certify a question without first deciding it.") (internal quotation omitted). If AAN succeeds on the merits, this point will become moot; and if it fails, it will have the opportunity to explain why the Court's initial inclinations are wrong. It would therefore be premature for the Circuit to consider remedies for potential FECA violations that have yet to be established.

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that [ECF No. 33] Defendant's Motion for Certification for Interlocutory Appeal is DENIED. It is further

**ORDERED** that [ECF No. 33] Defendant's Motion for a Stay Pending Interlocutory Appeal is DENIED as moot.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: November 21, 2019