# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>       Plaintiff,<br><br>v.<br><br>AMERICAN ACTION NETWORK,<br><br>       Defendant. | Civil Action No. 18-cv-945 (CRC) |

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL AND PRIVILEGED MATERIALS

The parties to the above-captioned matter (the "Action"), though their undersigned counsel of record, stipulate and agree under Rule 26(c) of the Federal Rules of Civil Procedure, and the Court hereby ORDERS upon a finding of good cause, that this Stipulated Protective Order shall govern the disclosure and use of confidential and privileged information in this Action.

## DEFINITIONS GENERALLY

1. **Parties**. The term "Party" means a plaintiff or defendant in this Action, including the officers, directors, and principals acting on behalf of a Party or Parties. "Parties" means any combination of plaintiffs or defendants in this Action or both of them, including the officers, directors, and principals acting on behalf of the Parties.

2. **Non-Parties**. The term "non-party" means any individual, corporation, association, or other natural person or entity that is not a Party to the Action.

3. **Document**. The term "document" is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil

1

Procedure, and includes all written, oral, recorded, or graphic material, however produced or reproduced including, but not limited to: all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise; electronically stored information, software, and other computer data including, but not limited to, information stored in a computer at any time; all graphic or manual records or representations of any kind including, but not limited to, photographs, microfiche, microfilm, videotape, records, and motion pictures; electronic, mechanical, or electric records or representations of any kind including, but not limited to, cassettes, discs, magnetic cards and recordings, optical and other media; and all drafts, alterations, modifications, changes, and amendments to any of the foregoing.

4. **Privilege**. The term "privilege" means the attorney-client privilege, the work-product doctrine, the common-interest doctrine, or any other privilege, protection, or immunity recognized by law.

5. **Confidential Material**. The term "Confidential Material" means any document, material, or information supplied in any form, or any portion thereof, that the designating Party has in good faith designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Stipulated Protective Order. Confidential Material designated as "CONFIDENTIAL" may include corporate financial documents; confidential technical, marketing, business, commercial, or trade information, including confidential employee communications regarding business operations; private employee data unknown to the public; and other information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). Confidential Materials designated as "HIGHLY CONFIDENTIAL" may include confidential and sensitive information that the producing Party believes contains or comprises highly

sensitive, non-public information that the producing Party reasonably and in good faith believes is protected from disclosure by the First Amendment, including long-term organizational planning, strategic development, development of organizational objectives, or fundraising records; any other highly sensitive, confidential information related to research, development, marketing, personal financial information, or other activities that the producing Party reasonably and in good faith believes is so sensitive that its disclosure to persons other than those specified in Paragraph 12 could be expected to result in significant injury to the producing Party.  Nothing in this paragraph, however, represents an agreement or acknowledgment that any particular document containing the above information is appropriately classified as "Confidential Material."

## **GENERAL PROVISIONS**

6. **Scope**. This Stipulated Protective Order governs all documents, materials, and information disclosed, used, or handled during the course of this Action in any form and for any purpose including, but not limited to, documents, materials, tangible objects, and information produced by a Party or non-party, disclosed through testimony or contained in pleadings, briefs, interrogatory responses, or other documents filed with the Court.  This Stipulated Protective Order shall apply to and be binding upon any director, officer, employee, contractor, or agent of any of the Parties, as well as all outside counsel to the Parties, including any attorney, paralegal, secretary, clerical staff person, or other person employed in any capacity by such outside counsel or any agent or contractor of such outside counsel.  This Stipulated Protective Order shall also apply to any persons who sign an undertaking in the form of Exhibits A or B attached hereto.

7. **Designating Confidential Material**. An attorney or someone acting under the supervision of an attorney or any Party or non-party may designate documents as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and that material must be treated in accordance with the provisions of this Stipulated Protective Order. A designation by a Party or non-party of Confidential Material shall constitute a representation to the Court that counsel believes in good faith that the information constitutes "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material. A Party or non-party designating information as Confidential Material shall mark each page of the document containing such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If all or a portion of a document or written discovery response is entitled to protection under this Order the entire document or response may be designated as Confidential Material, provided, however, following service of any discovery responses and upon request of the receiving Party, the Parties will meet and confer regarding whether certain portions of those discovery responses are not Confidential Material and memorialize any agreement in writing.

8.  All documents produced by the Parties during the course of the Action shall be treated as "CONFIDENTIAL" for a period of ten (10) business days.  To the extent that any party subpoenas documents from a non-party, the subpoena shall include a copy of the parties' April 28th Discovery Agreement.  All documents produced by non-parties shall be initially produced only to outside counsel for the non-requesting party (such that documents requested by Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") first go to Defendant American Action Network ("AAN") and vice-versa) and are treated as "HIGHLY CONFIDENTIAL" according to the terms of this Stipulated Protective Order.  The non-requesting party may exclusively review the documents for ten (10) business days—or longer if necessary, subject to the express written agreement of the Parties—after service of the production upon the non-requesting party.  During that time, the non-requesting party may

4

designate the documents as Confidential Material pursuant to the terms of this Stipulated Protected Order and/or may redact the documents, before producing the documents to the requesting party.  Should the documents be produced directly to the requesting party by a non-party, the requesting party shall immediately provide notice to the non-requesting party that it received the documents, and the requesting party shall not save, upload, review, print, or otherwise process or access the documents without express written authorization from the non-requesting party.  No designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be effective beyond the time periods set forth in this paragraph unless so designated pursuant to the terms of this Stipulated Protective Order.  Throughout the course of the Action, the Parties shall have a good faith duty to promptly notify each other upon receipt of any document that the receiving Party believes should be marked as Confidential Material.

9.  **Objections to Confidentiality Designations or Treatment**. A Party may at any time, in good faith, object to the designation of any document or specific information as Confidential Material by stating its objection or request in writing to the Party or non-party making the designation that specifies by Bates number the document or information challenged for that document. All objections shall include a statement of the legal or factual basis for each objection. The Parties shall meet and confer to discuss the objection within seven (7) business days. If the Parties cannot reach agreement as to the designation, the objecting Party may move the Court for an order determining whether such document(s) has been properly designated. The Parties shall cooperate to schedule a hearing on any such motion with reasonable promptness. The designating Party or non-party shall bear the burden of establishing that the designated material is Confidential Material. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) will not be

tolerated by this Court. Pending a decision from the Court, the challenged documents shall be treated as having been properly designated by the producing Party.

10. Confidential Material shall not be entitled to a Confidential Material designation where: (a) such material was in the public domain at the time of its designation; or (b) the material was legally obtained by the receiving Party from a source other than the producing Party without violation of this Stipulated Protective Order, and such material was obtained without any limitations on its use or disclosure. Nothing in this Stipulated Protective Order precludes any Party from challenging a confidentiality designation on any other ground under applicable law.

## DISCLOSURE OF CONFIDENTIAL MATERIAL

11. **Material designated as "CONFIDENTIAL."** Material that has been designated as "CONFIDENTIAL" may be disclosed only to:

   a. The Parties;

   b. The Parties' internal counsel, and their legal, investigative, technical, administrative, and other support staff, engaged in the conduct of this Action;

   c. The Parties' counsel of record, which shall mean the Parties' outside counsel who have appeared on behalf of a Party in the Action and the partners, associates, paralegals, and clerical and support personnel working under the direct supervision of such counsel who are directly involved in or assisting in this Action (including outside vendors or contractors, such as vendors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing, programs for handling data connected with this Action, including the performance of its duties in relation to a computerized litigation support system, acting under the direction of such counsel, whether or not the work of such vendors is directly supervised);

   d.  the Court and all persons assisting the Court in the Action, including clerks, special masters, mediators, court reporters taking testimony involving such information, necessary stenographic and clerical personnel thereof;

   e.  agents, employees or other representatives of the Parties or their counsel in connection with this Action, provided that counsel of record for that Party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this Action and provided that such person signs an undertaking in the form of Exhibit A hereto;

   f.  persons retained as consultants or experts by any Party for the purposes of this Action and principals and employees of the firms with which consultants or experts are associated and who are directly involved and assisting in this Action, provided that counsel of record for that Party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this Action and provided that such person signs an undertaking in the form of Exhibit A hereto;

   g.  any author, recipient, or custodian of the materials designated as "CONFIDENTIAL" including former employees or agents of the producing Party, provided that, in the case of former employees or agents of the producing Party, such person signs an undertaking in the form of Exhibit A hereto;

   h.  any person noticed or called to testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in the Action, and any person assisting in the preparation or examination of the witness, provided that counsel of record for that Party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this Action and provided that such person signs an undertaking in the form

of Exhibit A hereto;

    i.    any person hereafter designated by written stipulation of the Parties or by further order of the Court; and

    j.    any other person or entity whom the Parties agree in writing may receive materials designated as "CONFIDENTIAL," provided that such person signs an undertaking in the form of Exhibit A hereto.

12.    **Material designated as "HIGHLY CONFIDENTIAL."** Material that has been designated as "HIGHLY CONFIDENTIAL" may be disclosed only to:

    a.    The Parties' outside counsel of record, which shall mean the Parties' outside counsel who have appeared on behalf of a Party in the Action and the partners, associates, paralegals, and clerical and support personnel working under the direct supervision of such counsel who are directly involved in or assisting in this Action (including outside vendors or contractors, such as vendors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing, programs for handling data connected with this Action, including the performance of its duties in relation to a computerized litigation support system, acting under the direction of such counsel, whether or not the work of such vendors is directly supervised) to whom it is reasonably necessary to disclose the information for this Action;

    b.    the Court and all persons assisting the Court in the Action, including clerks, special masters, mediators, court reporters taking testimony involving such information, necessary stenographic and clerical personnel thereof;

    c.    persons retained as consultants or experts by any Party for the purposes of

this Action and principals and employees of the firms with which consultants or experts are associated and who are directly involved and assisting in this Action, provided that counsel of record for that Party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this Action and further provided that such person signs an undertaking in the form of Exhibit B hereto prior to such disclosure;

      d.    any author, recipient, or custodian of the materials designated as "HIGHLY CONFIDENTIAL" including former employees or agents of the producing Party, provided that, in the case of former employees or agents of the producing Party, such person signs an undertaking in the form of Exhibit B hereto;

      e.    any other person or entity whom the Parties agree in writing may receive materials designated as "HIGHLY CONFIDENTIAL," provided that such person signs an undertaking in the form of Exhibit B hereto.

13.    Before any Confidential Material is disclosed to the persons identified above in Paragraphs 11 and 12, such persons shall be provided with a copy of this Stipulated Protective Order.

14.    Nothing in this Stipulated Protective Order shall limit the ability of any Party or non-party to disclose to any person its own Confidential Material produced or designated in this Action.

15.    **Limited Purpose**. Unless otherwise agreed to by the Parties or further ordered by the Court, documents produced in this Action, including Confidential Material, may be used only in this Action, and may not be used in any other action, proceeding, arbitration, or for any purpose unconnected to this Action. However, to the extent a document is properly filed on the

public docket for this Action, and no actions are taken within forty-eight hours of notice of filing to remove any inadvertently filed Confidential Material from the public docket, any Party may use that publicly filed document, as filed, for any purpose.

16. All Confidential Material (including any summaries, abstracts, or other related information that includes, discusses, summarizes, or refers to any Confidential Material) shall be kept in a secure location that is under the control of a person authorized by this Stipulated Protective Order to receive such information.

## USE OF CONFIDENTIAL MATERIAL BY A PARTY IN THIS ACTION

17. **Depositions**. For twenty-one (21) days following the date of the receipt of a deposition transcript, the transcript shall be deemed "CONFIDENTIAL" in accordance with this Stipulated Protective Order unless the Parties otherwise agree. Absent a timely written designation (or other agreement between the Parties as to timing) of some or all of the final transcript as Confidential Material, this presumptive designation shall lapse. The Parties agree that, except in unique circumstances, an entire transcript will not satisfy the criteria for Confidential Material. The designation by a Party or non-party of a transcript, exhibit, or videotape (or any portion of these) as Confidential Material shall be made in writing and served upon all counsel of record and the relevant court reporter. Any designation of a transcript (or portion thereof) shall be treated as a designation of the corresponding video, or portion thereof, and vice versa. Subject to the terms of this Stipulated Protective Order and the Federal Rules of Civil Procedure, any Party may use Confidential Material in the course of a deposition.

18. **Filings, Hearings, and Similar**. The Court discourages the filing of any pleadings or documents under seal, and the Parties shall avoid the disclosure of Confidential Material in pleadings or documents filed with the Court except to the extent necessary.

  a. To the extent that a brief, memorandum, or pleading discloses any Confidential Material, the brief, memorandum, or pleading shall initially be filed under seal. The cover of the pleading or memorandum shall be conspicuously marked "FILED UNDER SEAL" and shall identify if it contains Confidential Material. The document shall be treated consistent with the designated level of confidentiality. Documents filed under seal shall be filed electronically in conformity with Local Civil Rule 5.l(h) and Part II.H of the Clerk's Office General Information & Civil Filing Procedures.

  b. A copy of any document filed under seal shall also be delivered to the Judge's chambers.

  c. Promptly after a document is filed under seal, the filing Party and the Party that produced the Confidential Material shall meet and confer to agree upon redactions limited to information that may remain sealed under applicable law. The designating Party bears the burden of demonstrating that the withheld material satisfies the terms of this Protective Order. The Parties shall file a redacted version of the sealed document no later than seven (7) days after the original document is filed under seal. A copy of the redacted version of the document shall be delivered to the Judge's chambers.

  d. Any remaining disputes concerning the appropriate redactions shall be resolved by the Court. The designating Party bears the burden of demonstrating that the withheld material satisfies the terms of this Stipulated Protective Order.

  e. If a Party wishes to discuss Confidential Material during a hearing, the Court shall address at that time what procedures, if any, should be used to protect the information from public disclosure.

19. This Stipulated Protective Order governs only pretrial proceedings, although the

Parties agree to discuss in good faith appropriate protections for CONFIDENTAL and HIGHLY CONFIDENTIAL materials that may be used at trial.

### REQUEST FOR CURE OF UNAUTHORIZED DISCLOSURES

20. Any Party or non-party (or counsel to any Party or non-party) that becomes aware of any unauthorized disclosure of Confidential Material or any breach of this Stipulated Protective Order, by inadvertence or otherwise, shall (a) promptly give notice in writing to the Party or non-party that produced and/or designated the Confidential Material of such circumstances, including a reasonable description of the circumstances that led to the unauthorized disclosure; (b) use its best efforts to retrieve all such Confidential Material and to prevent further disclosure; (c) inform the person or persons to whom the unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (d) request such person or persons to execute an undertaking in the form of Exhibit A or Exhibit B, as applicable, attached hereto. Upon receipt of such notice, the Party or non-party that produced or designated the Confidential Material may seek such other relief as is appropriate.

21. **Violation.** Any violation of this Stipulated Protective Order may be punished by appropriate measures.

### SUBPOENAS COMMANDING PRODUCTION OF CONFIDENTIAL MATERIAL

22. If any Party has obtained Confidential Material under the terms of this Stipulated Protective Order and receives a subpoena, civil investigative demand, or other compulsory process commanding the production of such Confidential Material, the Party shall promptly notify the counsel of record for the designating Party or non-party, in writing (including, but not limited to, by e-mail). The designating Party or non-party shall promptly inform the subpoenaed Party either that it does not object to production of the Confidential Material or that it will seek court protection to prevent the production. If the designating Party or non-party fails to provide

the subpoenaed Party with a response, the subpoenaed Party may produce the Confidential Material after fourteen (14) days following the subpoenaed Party's notification of the subpoena to the designating Party or non-party. In the event the designating Party or non-party informs the subpoenaed Party that it will seek court protection to prevent the production, and promptly does so, the subpoenaed Party shall not produce any Confidential Material without the prior written consent of the designating Party or non-party unless required by an order of a court of competent jurisdiction. The designating Party or non-party shall bear the burden and expense of seeking protection for its Confidential Material.

### **PRODUCTION OF CONFIDENTIAL MATERIAL WITHOUT DESIGNATION**

23.    The production of Confidential Material without a designation as Confidential Material shall not be deemed a waiver in whole or in part of any claim of protection of the confidential nature of any such material and shall be without prejudice to any claim that such Confidential Material should be designated as such. Upon a Party or non-party's discovery that its information was not correctly designated, that Party or non-party shall provide notice to the other Parties that the information was inappropriately designated. The producing Party or non-party shall then have fourteen (14) days in which to re-designate the information and produce a replacement copy of the re- designated document with appropriate confidentiality mark. The document shall be produced with an overlay load file referencing the original Bates number and including metadata field indicating the confidential status of the document. If the reproduced document is stamped with a new Bates number, the load file shall include a cross-reference field to the original Bates number.

24.    If an inadvertently omitted Confidential Material designation is first claimed at a deposition, hearing, or proceeding that Confidential Material may be used throughout the

deposition, hearing, or proceeding as though no designation was made, but must be treated as though that designation was made immediately afterwards.

25.     Upon notice that any Confidential Material has not been appropriately designated and receipt of the reproduced document with the appropriate confidentiality stamp, the Party receiving such notice shall return or destroy all incorrectly marked Confidential Material and shall confirm that all incorrectly marked Confidential Material has been returned or destroyed. Upon notice, the receiving Party shall make a reasonable, good-faith effort to (a) ensure that any analyses, memoranda, or notes that were generated based upon such material before its re-designation shall immediately be treated in conformity with any such re-designation; and (b) retrieve any copies of the incorrectly marked Confidential Material, including those disseminated to third parties. The receiving Party shall thereafter treat the documents consistent with the designated level of confidentiality. No Party is deemed to violate this Stipulated Protective Order if, prior to notification of any designation, Confidential Material has been disclosed or used in a manner inconsistent with the later designation. If Confidential Material is already a part of the public record, it is the responsibility of the Party who changed the designation to move the Court for appropriate relief. Regardless of when the re-designation occurs, the receiving Parties may challenge the re-designation under the procedures set forth herein.

26.     Similarly, the inadvertent production of documents or material containing information that is protected from discovery by the attorney-client privilege, attorney work product doctrine, the common-interest doctrine, or any other privilege, protection, or immunity recognized by law shall not be deemed a waiver in whole or in part of a claim that such materials are subject to the applicable privilege(s) and/or protection(s).  If the producing Party provides notice to the receiving Party that it considers a document it produced to contain or constitute

material subject to attorney-client privilege, work product immunity, or other applicable privilege or immunity, the Party receiving such notice shall return or destroy any such document(s) and shall confirm that any such document(s) has been returned or destroyed. If the producing Party claims that only a portion of a document previously produced is privileged or protected information, the producing Party shall also provide a new copy of the information with the allegedly privileged or protected portions redacted.  Upon notice, the receiving Party shall also make a reasonable, good-faith effort to (a) ensure that any analyses, memoranda, or notes that were generated based upon such material before its re-designation shall immediately be treated in conformity with any such claw back; and (b) retrieve any copies of the any such document(s), including those disseminated to third parties.

27. If a receiving Party disputes or believes that it might dispute the claim of privilege or protection, the receiving Party may retain a copy of the document, record, or data to evaluate such claim of privilege or protection, and the parties shall cooperate to obtain the Court's decision regarding such claim of privilege or protection. The receiving Party may not use or disclose the privileged or work-product protected information unless this Court has ruled that the information is not privileged or protected by the work-product doctrine.

## MISCELLANEOUS PROVISIONS

28. Nothing contained in this Stipulated Protective Order shall be construed as an admission that any document or information, or any testimony relating to such document or information, is or would be admissible in evidence in this Action or in any other proceeding.

29. Nothing contained in this Stipulated Protective Order shall affect the rights of the Parties or non-parties to object to discovery, nor shall it relieve a Party or non-party of its obligation to properly respond or object to discovery requests, nor shall it preclude any Party or

non-party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or the Local Civil Rules of this Court.

30. The Parties reserve all rights to apply to the Court for any order modifying this Stipulated Protective Order. Any Party or non-party requiring further confidentiality protection may petition the Court for a separate order governing disclosure of its information.

31. Nothing in this Stipulated Protective Order shall affect a Party's right to object to disclosure of Confidential Material to another Party or non-party.

32. Nothing contained in this Stipulated Protective Order shall affect the ability of the Parties to alter by agreement the time periods set forth in this Stipulated Protective Order.

33. When serving subpoenas on non-parties, a copy of this Stipulated Protective Order shall be included with the subpoena, and the subpoena shall expressly incorporate by reference the terms of this Stipulated Protective Order.

34. The provisions of this Stipulated Protective Order shall survive the conclusion of the Action.

## **COMPLETION OF LITIGATION**

35. Within ninety (90) calendar days after the resolution of the Action (including resolution of all appellate proceedings and resolution of any motions arising out of this proceeding relating to third parties still pending after resolution of the Action), all documents and copies of all documents (other than exhibits of record) produced or supplied by a Party or non-party that contain Confidential Material shall be either returned to the Party or non-party who produced or supplied the Confidential Material, as the case may be, or destroyed, with the exception of the documents described in Paragraph 15, above. Upon request of the Party who produced or supplied the Confidential Material, all counsel of record who received such

documents shall certify compliance herewith and shall deliver the same to counsel for the Party who produced or supplied the Confidential Material.

    36.    This Stipulated Protective Order may be signed in counterparts.

Dated:

IT IS SO ORDERED                                              _____

By: */s/ Laura C. Beckerman*
Laura C. Beckerman (D.C. Bar No. 1008120)
lbeckerman@citizensforethics.org
Stuart C. McPhail (D.C. Bar No. 1032529)
smcphail@citizensforethics.org
Adam J. Rappaport (D.C. Bar No. 479866)
arappaport@citizensforethics.org
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
1101 K Street N.W., Suite 201
Washington, DC 20005
Telephone: (202) 408-5565
Fax: (202) 588-5020

Sathya S. Gosselin (D.C. Bar No. 989710)
sgosselin@hausfeld.com
Seth R. Gassman (D.C. Bar No. 1011077)
sgassman@hausfeld.com
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

*Counsel for Plaintiff Citizens for Responsibility and Ethics in Washington*

By: */s/ Stephen J. Obermeier*
Stephen Obermeier (D.C. Bar No. 979667)
sobermeier@wileyrein.com
Caleb P. Burns (D.C. Bar No. 474923)
cburns@wileyrein.com
Jeremy J. Broggi (D.C. Bar No. 1191522)
jbroggi@wileyrein.com
WILEY REIN LLP
1776 K Street, NW Washington, DC 20006
Telephone: (202) 719-7000
Fax: (202) 719-7049

*Counsel for Defendant American Action Network*

**EXHIBIT A:**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN ACTION NETWORK,<br><br>　　　　　　　　　Defendant. | Civil Action No. 18-cv-945 (CRC) |

**UNDERTAKING CONCERNING CONFIDENTIAL MATERIAL COVERED BY STIPULATED PROTECTIVE ORDER**

　　　　I hereby acknowledge that I have read the Stipulated Protective Order ("Protective Order") in the above-captioned case; that I understand the terms of the Protective Order; and that I undertake to make no disclosure or use of any material or information designated as "CONFIDENTIAL" except as permitted by the Protective Order. I agree to, and hereby do, submit myself to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcement of the terms of the Protective Order, and any violation thereof. I understand that any violation of the Protective Order is punishable by the contempt powers of the Court.

　　　　I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____　　Signature: _____

Printed Name: _____　　Address: _____

　　　　　　　　　　　　　　　　　　　　　　　　_____

**EXHIBIT B:**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>                  Plaintiff,<br><br>    v.<br><br>AMERICAN ACTION NETWORK,<br><br>                  Defendant. | Civil Action No. 18-cv-945 (CRC) |

**UNDERTAKING CONCERNING HIGHLY CONFIDENTIAL MATERIAL COVERED
BY STIPULATED PROTECTIVE ORDER**

I hereby acknowledge that I have read the Stipulated Protective Order ("Protective Order") in the above-captioned case; that I understand the terms of the Protective Order; and that I undertake to make no disclosure or use of any material or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" except as permitted by the Protective Order. I agree to comply fully with the Protective Order and to be bound by its terms with respect to all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information as defined therein. I agree to maintain such information in strict confidence and not to disclose such information to any other person, or make use of such information, except in accordance with the terms of the Protective Order.

I have been designated as a person who may have access to "HIGHLY CONFIDENTIAL" material as that term is defined in the Protective Order. I certify that I am not employed by any Party in this Action nor am I involved in programmatic decision-making on behalf of any Party in this Action.

      I agree to, and hereby do, submit myself to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcement of the terms of the Protective Order.  I understand that any violation of the Protective Order is punishable by the contempt powers of the Court.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____   Signature: _____

Printed Name: _____   Address: _____

                                                                          _____