IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>    Plaintiff,<br><br> v.<br><br>AMERICAN ACTION NETWORK,<br><br>    Defendant. | Civil Action No. 1:18-CV-945 (CRC) |

**[PROPOSED] ORDER**

This matter stems from an administrative complaint before the Federal Election Commission ("Commission") in which Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") alleged that Defendant American Action Network was an unregistered political committee between 2009 and 2011.  After two prior trips to this Court, followed by remands to the Commission, Plaintiff filed this civil action pursuant to a provision of the Federal Election Campaign Act ("FECA"), 52 U.S.C. § 30109(a)(8)(C), seeking to enforce FECA directly against Defendant.  Section 30109(a)(8)(C) provides that in certain circumstances, a FECA "complainant may bring, in the name of such complainant, a civil action to remedy the violation involved in the original complaint."  To the Court's knowledge, this is the first suit to be filed under that "citizen-suit" provision.  Defendant has challenged the constitutionality of § 30109(a)(8)(C).  It has argued that the citizen-suit provision on its face and as applied violates the Take Care Clause, U.S. Const. art. II, § 3, and the Appointments Clause, U.S. Const. art. II, § 2, cl. 2, that it infringes on authority vested exclusively in the Executive, and that as applied here the provision also violates Due Process.

Pursuant to 28 U.S.C. § 2403(a) and Federal Rule of Civil Procedure 5.1(b), when a party challenges the constitutionality of a federal statute, the question must be certified to the United States Attorney General. That obligation continues as long as the constitutional challenge remains ongoing. Upon receiving notice, the Attorney General has 60 days to respond, Fed. R. Civ. P. 5.1(c), and has a right to intervene as a party in the case and present evidence and argument on the question of constitutionality if he so desires, 28 U.S.C. § 2403(a). The Court may not strike down the statute before the time elapses for the Attorney General to respond. Fed. R. Civ. P. 5.1(c).

Accordingly, it is this ___ day of _____, 2020, hereby

**ORDERED** that pursuant to 28 U.S.C. § 2403 and Federal Rule of Civil Procedure 5.1, the constitutional challenge raised by Defendant shall be certified to the Attorney General of the United States. If the United States desires leave to intervene, it may do so by filing a brief within 60 days of this order. The Clerk of the Court is directed to provide a copy of this Order to the United States Attorney for the District of Columbia.

**SO ORDERED.**

Dated: _____
Washington, D.C.

                                                CHRISTOPHER R. COOPER
                                                United States District Judge

**NAMES OF PERSONS TO BE SERVED WITH PROPOSED ORDER UPON ENTRY**

Pursuant to LCvR 7(k), listed below are the names and addresses of the attorneys and parties entitled to be notified of the proposed order's entry.

| | |
|---|---|
| Stephen J. Obermeier<br>Caleb P. Burns<br>Claire J. Evans<br>Jeremy J. Broggi<br>WILEY REIN LLLP<br>1776 K Street NW<br>Washington, DC 20006<br><br>*Counsel for Defendant* | Laura C. Beckerman<br>Stuart C. McPhail<br>Adam J. Rappaport<br>CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON<br>1101 K Street N.W., Suite 201<br>Washington, DC 20005<br><br>Sathya S. Gosselin<br>Seth R. Gassman<br>HAUSFELD LLP<br>1700 K Street NW, Suite 650<br>Washington, DC 20006<br><br>*Counsel for Plaintiff* |